UNITED STATES DISTRICT COURT DISTRICT OF COLUMBIA

TOMMY HILFIGER LICENSING, INC. )
                               )
          Plaintiff,           )
                               )
     vs.                       )   Case No.: 07-0274 (RCL)
                               )
VARIOUS JOHN DOES NOS. 1-300, and )
XYZ COMPANIES NOS. 1-20,       )
                               )
          Defendants.          )
_____)

FILED

MAR - 7 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## PRELIMINARY INJUNCTION ORDER

This action having been commenced by plaintiff Tommy Hilfiger Licensing, Inc. ("Hilfiger") on February 6, 2007 against defendants alleging trademark infringement of plaintiff's trademarks and charging defendants with trademark infringement and unfair competition, and defendant Kings Discount Store LLC ("Defendant"), having been served on March 1, 2007, with a a Summons, copy of the Complaint, Plaintiff's <u>Ex Parte</u> Motion for a Supplemental Show Cause Order and Seizure Order, and supporting declarations; Supplemental Show Cause Order and Seizure Order signed by Judge Lamberth on February 7, 2007, and accompanying papers; and

It appearing to the Court that it has jurisdiction over the subject matter of this action, over the plaintiff and over the Defendant; and

The Court having considered the Complaint and the exhibits thereto, the plaintiff's Show Cause and Seizure Order and accompanying papers and there being no opposition from Defendant;

NOW, THEREFORE, it is hereby ORDERED as follows that:

1. Defendant and their respective officers, agents, servants, employees and attorneys, and all persons in active concert and participation with them are hereby restrained and enjoined, pending termination of this action:

(a) From using the Tommy Hilfiger trademarks as shown on Registration Nos. 1,673,527, 1,816,430, 1,935,702, 1,940,821, 2,120,621, 2,153,151, and 2,179,671 (the "CREST Design"); Registration Nos. 1,398,612, 1,738,410, 1,833,391, 1,995,802, 1,978,987, 2,103,148, 2,162,940, and 2,351,825 (the "TOMMY HILFIGER" tradename); Registration Nos. 1,460,988, 1,727,740, 1,808,520, 2,030,406, 2,213,511, 2,063,504, 2,168,652, and 2,348,651 (the "FLAG Logo and Design"); Registration No. 2,124,016 (the "TOMMY HILFIGER/tommy Flag Logo and Design"); Registration Nos. 1,812,970 and 2,407,566 (the "TOMMY JEANS" trademarks); Registration No. 1,940,671 (the "TOMMY HILFIGER Signature" trademark); Registration Nos. 2,389,024, 1,998,783 and 2,387,923 (the "TOMMY" trademarks); Registration Nos. 2,159,029 and 2,381,662 (the "FLAG IN MOTION" Logo and Design); Registration Nos. 2,390,195, 2,348,655 and 2,421,506 (the "HILFIGER ATHLETICS" trademarks); Registration No. 2,412,267 (the "STAR Logo and Design"); and Registration Nos. 2,145,523 and 2,159,761 (the "TOMMY GIRL" trademarks) (hereinafter "Plaintiff's Registered Trademarks");

(b) From possessing, receiving, manufacturing, distributing, advertising, promoting, returning, offering for sale or otherwise disposing of in any manner, holding for sale or selling any goods, labels, tags, logos, decals, emblems, signs, and other forms of markings, any packaging, wrappers, pouches, containers and receptacles, and any catalogs, price lists, promotional materials and the like bearing a copy or colorable imitation of plaintiff's trademarks;

(c) From using any logo, trade name, or trademark which may be calculated to falsely represent or which has the effect of falsely representing that the services or products of Defendants are sponsored by, authorized by, or in any way associated with the plaintiff;

(d) From infringing Plaintiff's Registered Trademarks;

(e) From otherwise unfairly competing with plaintiff;

(f) From falsely representing themselves as being connected with plaintiff or sponsored by or associated with plaintiff;

(g) From using any reproduction, counterfeit, copy, or colorable imitation of the trademarks of plaintiff in connection with the publicity, promotion, sale, or advertising of goods sold by Defendants including, without limitation, clothing or related products bearing a copy or colorable imitation of plaintiff's trademarks;

(h) From affixing, applying, annexing, or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent such goods as being those of plaintiff and from offering such goods in commerce;

(i) From using any trademark or trade name in connection with the sale of any goods which may be calculated to falsely represent such goods as being connected with, approved by or sponsored by plaintiff; and

(j) From destroying, altering, disposing of, concealing, tampering with or in any manner secreting any and all business records, invoices, correspondence, books of account, receipts or other documentation relating or referring in any manner to the manufacture, advertising, receiving, acquisition, importation, purchase, sale or offer for sale, or distribution of any merchandise bearing the plaintiff's Registered Trademarks.

2. Defendant, their officers, agents, servants, employees and attorneys and all persons in active concert or participation with them are hereby enjoined, pending the final hearing and determination of this action, from transferring, discarding, destroying or otherwise disposing of the following in the possession, custody or control of the Defendant:

(a) All merchandise bearing any copy or counterfeit of plaintiff's Registered Trademarks, or any markings substantially indistinguishable therefrom;

   (b) All labels, tags, logos, emblems, signs, and other forms of markings, all packaging, wrappers, pouches, containers and receptacles, and all advertisements, catalogs, price lists, guarantees, promotional materials and the like bearing any copy or counterfeit of the plaintiff's trademarks or any markings substantially indistinguishable therefrom, and all plates, molds, dies, tooling, machinery, assembly equipment and other means of making the same; and,

   (c) All books and records showing:

    (i) Defendant's manufacture, receipt and sale of merchandise bearing the aforesaid trademarks either by reference to such trademarks or by style or code number or otherwise; and,

    (ii) Defendant's manufacture, receipt and sale of any labels, tags, logos, decals, emblems, signs, and other forms of markings, any packaging, wrappers, pouches, containers and receptacles, and any catalogs, price lists, guarantees, promotional materials and the like bearing the aforesaid trademarks, either by reference to such trademarks or by style or code number or otherwise.

  3. This Preliminary Injunction Order is issued without the posting by plaintiff of any additional bond.

  4. The parties may take immediate and expedited discovery without regard to the time limitations set forth in Rules 30, 33, 34 and 36 of the Federal Rules of Civil Procedure.

5.  The Seizure Order of February 7, 2007, is hereby confirmed, and the counterfeit goods seized pursuant to the Court's Seizure Order of February 7, 2007, may be destroyed, as provided for in 15 U.S.C. § 1118.

Dated:     3/7/07     SO ORDERED:

*Royce C. Lamberth* (signature)
ROYCE C. LAMBERTH
UNITED STATES DISTRICT JUDGE
FOR THE DISTRICT OF COLUMBIA

::ODMA\PCDOCS\WSH\376061\1